[No. 1336.]

P. M. BOWLER, Jr., RESPONDENT, v. BENJ. CURLER AND
B. F. CURLER, HIS SON, APPELLANTS.

CONSTRUCTIVE TRUSTS—PAROL EVIDENCE—STATUTE OF FRAUDS.—
Where a grantor, without consideration, even though the deed
expresses a consideration, standing in a confidential relation with the
grantee, conveys land with the understanding that the grantee shall
hold it for the benefit of the grantor, equity will raise a constructive
trust, which may be established by parol evidence, and in such case
the statute of frauds, requiring trusts in lands to be created either
by act or operation of law or by written deed or conveyance, does
not apply.

APPEAL from the District Court of the State of Nevada,
Esmeralda county.

*Richard Rising,* District Judge.

The facts sufficiently appear in the opinion.

*Robt. M. Clarke,* for Appellants.

I.   If a trust exists, the daughter of plaintiff is the *cestui que*

*trust*, and not the plaintiff.  Any other interpretation defeats the manifest intentions of the parties and reduces the averments of the complaint to grotesque absurdity.

II.   Considering the whole case and giving due credit to all of the evidence, both written and parol, the evidence is not sufficient to establish a trust for either plaintiff or his daughter. The deed is absolute and without condition.   It contains no words of trust and expresses a valuable consideration in money. The burden of proof to show a trust was upon respondent and his claim is opposed by the deed.   Parol evidence of any fact that will defeat the apparent object and effect of a deed must be clear and attended with no uncertainty, and even then, should be regarded with great caution.   If the law were otherwise, the door would be opened wide to fraud and perjury, and no man could rest in safety upon his title.   (*Dalton* v. *Dalton*, 14 Nev. 419; *Feusier* v. *Sneath*, 3 Nev. 120.)

III.   The court erred in admitting parol evidence to create an express trust in land.   (Gen. Laws of Nev. 2624; Perry on Trusts, 75-79.)

IV.   When a deed on its face expresses a valuable consideration, parol evidence is not admissible to show that it was made without consideration, unless in case of fraud or mistake. (Perry on Trusts, Sec. 162; *Pilbrook* v. *Delano*, 29 Me. 410; *Graves* v. *Graves*, 29 N. H. 129; *Randall* v. *Phillips*, 3 Mason, 388.)   If land be conveyed by an absolute deed, no express trust in favor of the grantor can be raised by proof of a parol agreement of the grantee to hold the property in trust.   (*Barr* v. *O'Donnell*, 76 Cal. 469; *Feeney* v. *Howard*, 79 Cal. 525; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Lawson* v. *Lawson*, 117 Ill. 98; *Bonham* v. *Craig*, 80 N. C. 224; *Mescall* v. *Tully*, 91 Ind. 96.)

*A. W. Crocker, Trenmor Coffin, P. Reddy* and *P. M. Bowler, Jr.*, *in propria personæ*, for Respondent.

I.   The confidential relations of the parties being admitted, the promise under which the deed was executed, clearly established and found by the jury and court, the abuse of such confidence, and the violation of the promise, constitute actual fraud.   The provisions of the civil code of California defining fraud, both actual and constructive, are declaratory of the common law, as administered in courts of equity, and obtain in Ne-

vada .without the code, by statutory adoption of the common law and the decisions of this court. (*Vansickle* v. *Haines*, 7 Nev. 249; *Evans* v. *Cook*, 11 Nev. 69; *Clark* v. *Clark*, 17 Nev. 124; *Gruber* v. *Baker*, 20 Nev. 453; *Hunt* v. *Patchen*, 13 Saw. 306.)

II.   Where one takes advantage of a confidential relation, involving trust and good faith, to impose upon another, and by imposition, deception or undue influence does an injury to another, equity will lend its aid to remedy the wrong. (*Shaffer* v. *Sleade*, 7 Blackf. (Ind.), 178; *Harkeness* v. *Fraser*, 12 Fla. 336; *Calloway* v. *Witherspoon*, 5 Ind. (N. C.), 128; *Cook* v. *Nathan*, 16 Barb. 342; *Wyche* v. *Greene*, 11 Ga. 159; *Birdsong* v. *Birdsong*, 2 Head. (Tenn.), 289; *Barnes* v. *Brown*, 32 Mich. 146.)

III.   It is immaterial whether appellant intended to perform his agreement at the time it was made. Its violation, though subsequently conceived with a view to personal gain, or injury to respondent, constitutes fraud.   A breach of a parol promise to convey, or to appropriate property for the use of the grantor, constitutes fraud, if the deed was obtained on the faith of the promise. (*Coger's Executors* v. *McGee*, 2 Bibb. 321; *Parks* v. *Chadwick*, 8 Watts & Serg. 96; *Renshaw* v. *Gaus*, 7 Barr. 117; *Taylor* v. *Gilman*, 25 Vt. 412.)

IV.   The statute of frauds does not preclude a party from establishing any implied, resulting or constructive trust known or recognized by the common law. (*White* v. *Sheldon*, 4 Nev. 293; *Brison* v. *Brison*, 75 Cal. 533; *Boskowitz* v. *Davis*, 12 Nev. 446; *Dalton* v. *Dalton*, 14 Nev. 419; *Pierce* v. *Robinson*, 13 Cal. 116; *Taylor* v. *Luther*, 2 Sum. 233; *Moyer* v. *Moyer*, 21 Hun. 67; *Bohm* v. *Bohm*, 10 Pac. Rep. 790.)

V.   Having shown that the parties stood in a confidential relation, the burden of proof was on appellants. (*Walton* v. *Karnes*, 67 Cal. 255; *Kline* v. *Kline*, 57 Penn. Stat. 120; *Pairo* v. *Vickery*, 37 Md. 485; *Smith* v. *Townshend*, 92 Am. Dec. 637; *Williams* v. *Hollingworth*, 47 Am. Dec. 527; *Neil* v. *Keeso*, 51 Am. Dec. 746; *Holida* v. *Shoop*, 59 Am. Dec. 88; *Garnsey* v. *Mundy*, 13 Am. L. R. 345; *Ward* v. *Matthews*, 14 Pac. Rep. 604.)

By the Court, BELKNAP, C. J.:

The plaintiff conveyed certain real property described in the complaint to his father-in-law, the appellant.   The deed of con-

veyance states that it was made in consideration of the sum of
one thousand two hundred dollars.  Plaintiff claimed, and the
court and jury found, in substance, that the title to the prop-
erty was conveyed to the appellant, without consideration, upon
his promise to hold it in trust for the benefit of the plaintiff,
and, in case of the plaintiff's death, for the benefit of his infant
daughter; and that the conveyance was made because of the
confidential and influential relation which existed between the
parties.  A decree was entered in favor of the plaintiff, requir-
ing the defendant's son, who was also a defendant in the case,
and who received the title to the property without consider-
ation, to make a deed of conveyance thereof to the plaintiff.

Appellant claims that parol evidence was inadmissible to
prove the trust.  The claim is based upon the statute of frauds.
The statute provides :  " No estate or interest in lands  *  *  *
nor any trust or power over or concerning lands or in any man-
ner relating thereto, shall hereafter be created, granted, as-
signed, surrendered, or declared, unless by act or operation of
law, or by deed or conveyance in writing, subscribed by the
party creating, granting, assigning, surrendering or declaring
the same.  *  *  *"  (Sec. 2624, Gen. Stat.)

If the statute is applicable to the case, the trust is void, be-
cause it is an express trust, established by parol evidence only.
Nor is the trust one arising by act or operation of law, within
the meaning of the statute, for the law never implies a trust
when there is an express one declared by word or writing.  (2
Washb. Real Prop. 470; *Dennison* v. *Goehring*, 7 Pa. St. 175.)
But the statute of frauds has no application.

The plaintiff conveyed the property to the defendant because
of the confidence reposed in him, without consideration other
than he should hold it subject to the trust mentioned.  If de-
fendant were permitted to retain it, plaintiff could be defrauded,
and the statute, which was intended to prevent frauds, would
be the means for the accomplishment of a fraud.  To prevent
such a result, equity raises a constructive trust in the grantee
and in favor of the grantor.

In the case of *Cox* v. *Arnsmann*, 76 Ind. 212, a husband and
wife conveyed land to a person without other consideration
than that he should immediately reconvey it to the wife.  It was
held that the land was taken in trust for the wife.  The court
said.  " The trust in the present case, being an express trust

in relation to land, cannot be proved by parol without violating the statute, unless there is some equitable rule of construction which takes such a case out of the statute. There are in equity certain trusts called 'constructive trusts,' which do not arise by implication of law. They are not resulting trusts, but are said to be in the nature of resulting trusts. (Perry, Trusts, Secs. 240, 241.) Thus, equity will raise a constructive trust to prevent a fraud. (2 Washb. Real Prop. 476.) And whenever property is acquired by fraud, or when, though originally acquired without fraud, it is against equity that it should be retained by the party, then equity raises a constructive trust, which is held to be not within the statute (Id. 482), and which may be proved by parol. Thus, in the case of *Hayden* v. *Denslow*, 27 Conn. 335, there was an agreement between father and son, by which the son was to convey land to the father, and the latter was to hold it in trust for the son's wife. It was held that, when a deed is given and received for such a purpose, a constructive trust arises, which will be enforced in equity, and that the facts out of which such trust arises may be proved by parol. So, in the case of *Hoge* v. *Hoge*, 1 Watts, 163, it was held that, if a testator be induced to make a devise, by the promise of the devisee that it should be applied for the benefit of another, equity, upon these facts, would create a constructive trust, which might be established by parol."

Another case similar in principle is that of *Wood* v. *Rabe*, 96 N. Y. 422. In that case, as in this, the trust was oral. The court said: "But, being oral, the trust was void, within the sixth section of the statute, unless the transaction constituted a trust by implication or operation of law, and was, therefore, within the exception in the seventh section. It is not easy to ascertain from the adjudged cases the exact scope of the exception in the statute, Car. 11, of trusts arising by 'implication or construction of law,' or of the equivalent exception in our statute of trusts arising by 'implication or operation of law.' It is not difficult to name trusts which unequivocally are trusts arising by implication or operation of law. Trusts arising from the presumed intention of the parties, indicated by their acts, although not expressly declared, and those arising from the application of some settled principle of equity to the situation, furnish many instances of implied or constructive trusts. Resulting trusts at common law arising from the payment of pur-

chase money, or when the trust is not declared, or is declared only in part, or for any reason fails, are illustrations of the former class, and those arising by equitable construction, independently of intention, from dealings by trustees or *quasi* trustees with trust property, furnish many examples of the latter.

But there is a large class of so-called ' constructive trusts,' or trusts *ex maleficio*, where courts of equity treat the holder of the legal title to land as a trustee, and, through the medium of an assumed trust, make that title subservient to the circumvention of fraud and the attainments of justice. Trusts of this character are not, I assume, within the exception in the statute. * * * (But see *Davies* v. *Otly*, 35 Beav. 208; Seichrist's Appeal, 60 Pa. St. 237.) So, where a trust is sought to be established from the violation of an oral agreement purporting to create a trust, and a court of equity upholds the trust, and enforces specific performance, the trust is not an implied or constructive trust within the statute. (See *Bellasis* v. *Compton*, 2 Vern. 294.) The court in granting relief in case of an oral agreement proceeds upon the ground of fraud, actual or constructive, and enforces the agreement notwithstanding the statute, by reason of the special circumstances."

The two principles upon which equity proceeds in this character of case are thus stated: "One is that it will not permit the statute of frauds to be used as an instrument of fraud; and the other that when a person, through the influence of a confidential relation, acquires title to property, or obtain an advantage which he can not conscientiously retain, the court, to prevent the abuse of confidence, will grant relief." (Page 425.)

Some of the decided cases hold that trusts arising out of facts similar to those of the present case arise by implication or construction of law, and are, therefore, within the exception in the statute of frauds; others, that such cases do not fall within the exception; but all agree that either by the exception, or not notwithstanding the statute of frauds, relief may be granted in a proper case. Appellant also claims that if any trust was established it was for the benefit of plaintiff's daughter, and for himself. The complaint alleges a trust in favor of the daughter; and also a trust for the benefit of plaintiff, and, in the event of his death, then for the benefit of his daughter. The pleading is ambiguous in this respect, but the objection was

not taken, and the evidence was sufficient to support the finding of fact upon this point. The judgment and order are affirmed.