ELVERDA FARNHAM BALISH, APPELLANT, v.
JESSIE FARNHAM, RESPONDENT.

No. 8009

February 27, 1976                    546 P.2d 1297

[Rehearing denied April 13, 1976]

*Vargas, Bartlett & Dixon,* and *Peter D. Durney,* of Reno, for Appellant.

*Guild, Hagen & Clark, Ltd.,* and *Thomas J. Hall,* of Reno, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

First American Title Company of Nevada commenced this action to require the defendants, Jessie Farnham and Elverda Farnham Balish, to interplead their claims to the sum of $30,000 held by the title company as the result of a ranch sale. After the defendants had appeared in the action the title company was allowed to deposit the money with the court and withdraw from the litigation. The matter proceeded to trial with the interpled defendants as the litigating parties.

Elverda claimed the fund by reason of an assignment thereof from her father, E. D. Farnham. Jessie, the second wife of E. D. Farnham, claimed the money by reason of statements and representations made to her by E. D. Farnham which, in her view, gave cause to impress a trust upon the fund for her benefit.

The district court set aside the assignment to Elverda upon the ground that she had practiced undue influence upon her ageing father. Consequently, her claim to the entire $30,000 was denied. The court honored Jessie's claim to the money upon the basis that either a resulting or a constructive trust (it is not clear which) should be impressed thereon in her favor. Elverda has appealed from that determination.

Although Elverda does not now challenge the finding of undue influence (since the evidence was in conflict on that issue), she does insist that she has standing to complain of the award to Jessie because of her (Elverda's) status as one of four residuary legatees of the Last Will of E. D. Farnham. It is her contention that the record does not support Jessie's claim to the fund, and that the $30,000 should be a part of the Farnham Estate for distribution to his residuary legatees under his Last Will. With this preliminary statement, we turn to recite the chronology of circumstances which gave birth to this dispute.

E. D. Farnham and his first wife, Emma, lived on the Big Creek Ranch in Humboldt County, Nevada, from 1926 until Emma's death on December 2, 1960. Upon her death the ranch became the sole and separate property of E. D. Farnham. They raised four children, Ellis, Edwin, Elverda (one of the claimants in this case) and Elwin. On November 3, 1961, E. D. Farnham married Jessie Farnham, the other claimant in this case, whom the court favored with its judgment.

On April 30, 1964, E. D. Farnham sold his ranch to a copartnership named Nevada Alder Creek Ranch and, in addition to the down payment, received therefor a promissory note for $150,000 payable in ten annual installments of $15,000 each. The promissory note named only E. D. Farnham as payee. The note, however, was secured by a deed of trust which named both E. D. Farnham and his wife, Jessie, as the beneficiaries thereof. Why Jessie was named as a cobeneficiary is not known.

On August 28, 1969, E. D. Farnham assigned his beneficial interest in the deed of trust and promissory note to his daughter, Elverda. E. D. was then 92 years old. After that assignment, Elverda received three installment payments, that is, $45,000. This is the assignment the court found to have been the result of undue influence practiced upon E. D. by Elverda. Since that finding is not attacked we shall not detail the circumstances surrounding the assignment.

On April 29, 1970, E. D. Farnham executed his Last Will. By that instrument he bequeathed $8,000 to his second wife,

Jessie, and gave the residue of his estate equally to his four children. The estate is ample to pay the bequest to Jessie without regard to the $30,000 here in dispute.

On August 14, 1972, Nevada Alder Creek Ranch sold the Big Creek Ranch to North Fork Ranch and the First American Title Company became obligated to deliver to the buyer a reconveyance of the deed of trust. The title company did so and, by reason thereof, came into possession of $30,000, the balance owing on the $150,000 promissory note and the subject of this lawsuit.

E. D. Farnham died June 9, 1974, at the age of 97 years. In July of that year, Letters Testamentary were issued to the First National Bank of Nevada, and the estate presently is in the course of administration.

The issue to be resolved is the propriety of the judgment below impressing the fund with a trust, either resulting or constructive, for the benefit of Jessie Farnham.

1. Interpleader is an equitable proceeding to determine the rights of rival claimants to property held by a third person having no interest therein. It proposes to protect the stakeholder from a double vexation in regard to one liability. Rutherford v. Union Land and Cattle Co., 47 Nev. 21, 213 P. 1045 (1923). In the language of our rule, "Persons having claims against the plantiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." NRCP 22.

In such a proceeding, each claimant is treated as a plaintiff and must recover on the strength of his own right or title and not upon the weakness of his adversary's. United States v. Chapman, 281 F.2d 862 (C.A. 10 Cir. 1960); Star-Times Publishing Co. v. Buder, 245 S.W.2d 59 (Mo. 1951); Rockwell v. Carroll Printing & Publishing Co., 62 A.2d 545 (Md. 1948). Consequently, the failure of one claimant to prove his claim does not mean that the other claimant automatically wins. Rutherford v. Union Land and Cattle Co., supra. In the case before us, Elverda's loss in the trial court does not require an affirmance of the judgment in favor of Jessie Farnham. We may affirm that judgment only if the record supports Jessie's right to the fund. We now direct our attention to this aspect of the case.

As already noted, the ranch was the sole and separate property of E. D. Farnham to do with as he pleased. Jessie has never contended otherwise. The proceeds from the sale of the ranch also belonged to E. D. Farnham alone until the assignment to his daughter, Elverda, in 1969. Jessie was a stranger to that assignment and knew not of its existence until the Spring of 1970 when she joined with E. D. in executing a gift tax return which covered that assignment. Thereafter, and without complaint, Jessie allowed Elverda to receive three installment payments on the note.

Jessie's claim that a resulting or constructive trust somehow arose was first tendered during this litigation, and rests mainly upon statements made by E. D. to her that "they had plenty to live on" and indicating that the installment note payments was the source of their support money; also, upon the fact that her name appeared as a cobeneficiary of the trust deed. In our view, neither is sufficient to form the basis for impressing a trust upon the $30,000 fund for Jessie's benefit.

"A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein. . . ." Rest., Trusts 2d, § 404. Perhaps the most common instance of a resulting trust occurs where a transfer of property is made to one person and the purchase price is paid by another. In such instance, a resulting trust may arise in favor of the person by whom the purchase price is paid. Werner v. Mormon, 85 Nev. 662, 462 P.2d 42 (1969).

Here, we have a gratuitous assignment of the proceeds of a promissory note. Jessie was a total stranger to that transaction. If E. D. Farnham did not intend for his daughter, Elverda, to have the beneficial interest in that money (and that is the consequence of the trial court's unchallenged finding that the assignment was occasioned by Elverda's undue influence upon her father), then the beneficial interest springs back or results to the person who made the disposition or to his estate, and the person holding the property holds it upon a resulting trust for him or his estate.

The resulting trust which the law creates from a gratuitous transfer wherein the transferee is not intended to take beneficially is a trust in favor of the transferor. The law does not create from a gratuitous transfer a resulting trust in favor of

a stranger to the transfer. Frame v. Wright, 9 N.W.2d 364 (Iowa 1943). The district court erred in concluding that a resulting trust arose in favor of Jessie.

Neither do we perceive a basis for impressing a constructive trust upon the fund for Jessie's benefit. A constructive trust is, in proper circumstances, imposed as an equitable remedy to prevent unjust enrichment. "Where the owner of property transfers it, being induced by fraud, duress or undue influence of the transferee, the transferee holds the property upon a constructive trust for the transferor." Rest., Restitution § 166; see also: Davidson v. Streeter, 68 Nev. 427, 234 P.2d 793 (1951); Bowler v. Curler, 21 Nev. 158, 26 P. 226 (1891). Undue influence was not practiced upon Jessie. She was a stranger to the transaction between E. D. and Elverda and had no interest in the ranch or the proceeds from the sale thereof. Only E. D. Farnham, or his estate, may claim the equitable remedy of a constructive trust.

Thus, we have determined that neither litigant before us is entitled to the fund; Elverda, the daughter, because of the finding of undue influence which she has not challenged on this appeal. And, Jessie, the second wife, because the trial court erred when it impressed a trust upon the fund for her benefit.

2. This action was tried before the Second Judicial District Court in Washoe County only ten days after the First National Bank of Nevada was appointed Executor of the E. D. Farnham Estate by the Sixth Judicial District Court of Humboldt County. This probably explains the failure of the Bank to attempt intervention in this litigation. Cf. Rutherford v. Union Land and Cattle Co., 47 Nev. 21, 213 P. 1045 (1923).

Had the trial court known of the Bank's possible claim to the fund it undoubtedly would have ordered it joined as a party. NRCP 19. Unfortunately, the trial apparently was concluded without that knowledge and judgment erroneously entered.

Since neither claimant has shown entitlement to the fund, and since it appears, as a matter of law, that the Estate of E. D. Farnham is entitled thereto, we direct payment thereof to the First National Bank, Executor of the Estate of E. D.

Farnham, for appropriate distribution under his Last Will. The Bank's failure to intervene and claim the fund, as well as the court's failure to order the Bank joined as a party is excused by reason of the circumstances mentioned.

Reversed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.