FARMERS INSURANCE EXCHANGE, Appellant, v. CIVIL SERVICE EMPLOYEES INSURANCE COMPANY, Respondent.

No. 10145

December 7, 1978                                           587 P.2d 420

[Rehearing denied January 11, 1979]

*Lorin D. Parraguirre* and *Paul C. Parraguirre,* of Las Vegas, for Appellant.

*Bell, Young & Barney, Ltd.,* of Las Vegas, for Respondent.

## OPINION

By the Court, Thompson, J.:

Farmers Insurance Exchange commenced this action to

require Civil Service Employees Insurance Company and the heirs of Mary Catherine Hurley to interplead their claims to the sum of $50,000 representing the limits of an insurance policy issued by Farmers to one James Schell.[1]

Earlier, the heirs of Hurley had instituted a wrongful death action against Schell. It was apparent to Farmers that the damages sustained by the heirs exceeded Schell's insurance coverage of $50,000 and that Schell's liability for the accident was clear. Moreover, Civil Service had paid $10,000 basic reparation benefits to one of the heirs, and had notified Farmers of its claim for reimbursement. Since the Hurleys had demanded $50,000, the policy limit, to settle their claims, and since Civil Service would not waive its claimed right of subrogation, Farmers selected interpleader as the appropriate course of action. In doing so, it explicitly disclaimed any interest in the $50,000, deposited that sum of money with the court, and asked the court to distribute that fund between interpled defendants. One would expect the contest thereafter to be between the interpled defendants without any intrusion by Farmers. Cf. Balish v. Farnham, 92 Nev. 133, 546 P.2d 1297 (1976). This, however, did not happen. All interested parties entered into a settlement stipulation which directed $40,000 of the money on deposit with the court be paid to the Hurleys, and the remaining $10,000 paid in accordance with court resolution of the subrogation claim of Civil Service against Farmers. The court ordered that sum paid to Civil Service. This appeal, by Farmers, is from that order.

In so far as Farmers is concerned, the settlement stipulation is wholly inconsistent with the interpleader action it had commenced. By that action Farmers disclaimed any interest in the $50,000. As noted in Balish v. Farnham, supra, interpleader is an equitable proceeding to determine the rights of rival claimants to property held by a third person having no interest therein. Indeed, by bringing such an action, the plaintiff waives any defense it might have had to the claims of the interpled defendants. Doering v. Buechler, 146 F.2d 784 (8th Cir. 1945). We presume that the district court had these principles in mind when it ruled that Farmers was not entitled to any part of the fund it had deposited in court for distribution among the interpled defendants. In such circumstances Farmers is not

---

[1]NRCP 22: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. . . ."

"aggrieved" by the court ruling and, therefore, not entitled to challenge it by appeal. NRAP 3A(a).

Appeal dismissed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.