GUILD, HAGEN & CLARK, LTD., Appellant, *v.* FIRST
NATIONAL BANK OF NEVADA, Executor of the
Estate of EDWIN DANIEL FARNHAM, Sr.,
Respondent.

No. 11292

September 27, 1979                    600 P.2d 238

*Guild, Hagen & Clark, Ltd.,* and *Thomas J. Hall,* Reno, for
Appellant.

*Durney and Guinan, Ltd.,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

Appellant Guild, Hagen & Clark, Ltd. acted as attorney for Jessie Farnham, pursuant to a contingent fee contract, in the case of Balish v. Farnham, 92 Nev. 133, 546 P.2d 1297 (1976). In that case, the First American Title Company of Nevada required Jessie Farnham and Elverda Farnham Balish to interplead their claims to a sum of money held by the title company, the fruits of the sale of the Big Creek Ranch by E. D. Farnham. Elverda Farnham Balish based her claim to the sum on an assignment to her by her father, E. D. Farnham. Jessie Farnham, E. D. Farnham's second wife, asserted that this assignment was void as the product of undue influence exercised by Elverda. The trial court found that the assignment was void as a result of undue influence and awarded the fund to Jessie Farnham. On appeal, this Court agreed that the assignment was invalid, but we also held that Jessie Farnham had not demonstrated her entitlement to the fund and directed that the money be paid to the Estate of E. D. Farnham for distribution. Under the terms of his will, the residue of his estate is to pass to his children.

Appellant then filed a claim in the estate for an attorney's fee, asserting that it had benefited the estate by contesting Elverda's claim to the fund. The executor, respondent First National Bank of Nevada, denied the claim, and appellant filed the present action. The district court granted the respondent executor's motion for summary judgment, and this appeal followed. We affirm.

It is well settled that, in the absence of a statute or contract authorizing such an award, attorney's fees may not be recovered by a party to litigation. NRS 18.010; State ex rel. List v.

Courtesy Motors, 95 Nev. 103, 590 P.2d 163 (1979); City of Las Vegas v. Southwest Gas, 90 Nev. 178, 521 P.2d 1229 (1974). Appellant has no express contractual relationship with the Estate of E. D. Farnham.

A judicially-created exception to this rule is the "common fund" doctrine, which permits a litigant "who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits [to] require those passive beneficiaries to bear a fair share of the litigation costs." Quinn v. State, 539 P.2d 761, 764 (Cal. 1975). It is on this theory that appellant seeks to recover a fee from the estate. The policy behind the exception is based on:

> fairness to the successful litigant, who might otherwise receive no benefit because his recovery might be consumed by expenses; correlative prevention of an unfair advantage to the others who are entitled to share in the fund and who should bear their share of the burden of its recovery; encouragement of the attorney for the successful litigant, who will be more willing to undertake and diligently prosecute proper litigation for the protection or recovery of the fund if he is assured that he will be promptly and directly compensated should his efforts be successful.

In re Stauffer's Estate, 346 P.2d 748, 752–53 (Cal. 1959) (citations omitted). An award of attorney's fees in the instant case would serve none of these policies.

The litigation prosecuted by appellant on behalf of Jessie Farnham was not undertaken in order to create a fund in which the Estate of E. D. Farnham or its residuary beneficiaries could share. On the contrary, appellant's efforts were directed at securing for Jessie Farnham the exclusive possession of the fund in dispute. Had appellant's efforts been successful, there would have been no "common fund" created, and the firm would have been recompensed under the terms of the contingent fee contract with its client. Appellant was not acting "for the benefit of all persons interested in recovery of the fund," Winslow v. Harold G. Ferguson Corporation, 153 P.2d 714, 720 (Cal. 1944), but was asserting a claim "in hostility to their interest," Hobbs v. McLean, 117 U.S. 567, 581 (1886). In this situation, where the interests of appellant's client were adverse to those of the third parties appellant now claims to have benefited, fees should not be awarded. Gabrielson v. City of Long Beach, 363 P.2d 883, 886 (Cal. 1961).

Moreover, since the appellant was not successful in securing the fund for its client, there is no reason to charge the attorney's fee against the fund because the client has no share to be reduced. The appellant has referred us to no case holding that an unsuccessful litigant who is not entitled to share in a fund should recover an attorney's fee, or that the attorney himself is entitled to a fee charged to the fund. *See* Hobbs v. McLean, *supra.* Since appellant has no connection with any party who will share in the fund, the "common fund" doctrine is inapplicable.

Furthermore, the instant case presents a situation where the possibility of a conflict between the interests of the client and those of the attorney is clear. In an interpleader action, such as the one prosecuted by appellant on behalf of Jessie Farnham, a party must prove his own entitlement to the fund: "each claimant is treated as a plaintiff and must recover on the strength of his own right or title and not upon the weakness of his adversary's." Balish v. Farnham, 92 Nev. at 137, 546 P.2d at 1300 (citations omitted). Appellant successfully attacked the claim of Elverda Farnham Balish to the fund, but it failed to establish its client's claim. If we were to allow recovery of an attorney's fee from the fund in this situation, it is plain that there would be no incentive for counsel to insist upon the claim of his own client, since the attorney could expect to be paid his fee out of the fund, no matter to whom it was ultimately awarded. J. Dawson, Lawyers and Involuntary Clients: Attorney Fees From Funds, 87 Harv. L. Rev. 1597, 1642 (1974). Such an extension of the "common fund" doctrine would be inappropriate.

Appellant also asserts that recovery of its fee should be permitted on the "substantial benefit" theory. This contention is without merit. The "substantial benefit" doctrine applies when the defendant in a class action or corporate derivative suit receives some benefit as a result of the action. The defendant may then be required "to yield some of those benefits in the form of an award of attorney's fees" to counsel for the successful plaintiff. D'Amico v. Board of Medical Examiners, 520 P.2d 10, 28 (Cal. 1974). In this case, no defendant has been benefited. The fund at issue was awarded to the estate, which was not a party to the litigation, and with which appellant has no relationship. Cases cited by appellant involving recoveries by insureds with whom insurers had subrogation agreements

are not apposite. It is clear that, had appellant secured the fund in dispute for Jessie Farnham, neither respondent here nor anyone else would have had any rights in her recovery. *See* Hall v. Young's Dairy Products Co., 569 P.2d 907, 909 (Idaho 1977). Any benefit conferred upon the estate or its residuary beneficiaries was purely incidental to appellant's attempts to secure the fund for its client. Under these circumstances, appellant may not recover its fee from the estate.

Affirmed.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.