83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. VAN ORDSTRAND, Plaintiff-Appellant,
v.
Daniel ABELMAN; Gerald S. Bartfield; Belmont Equities,
Inc., John Randall Hayes, John Does I through
XXIX, and Roe Corporations I through XX,
Defendants-Appellees,
and
Federal Deposit Insurance Corporation, as Receiver for
Jefferson Bank and Trust, Defendant-Intervenor.
 No. 95-15085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided April 25, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert E. Van Ordstrand appeals the district court's grant of summary judgment and judgment as a matter of law in favor of Daniel Abelman, Gerald S. Bartfield, John Hayes, and Belmont Equities, Inc., in Van Ordstrand's action arising from his elimination from a limited partnership organized to purchase and develop residential and commercial real property in Las Vegas, Nevada. We affirm.
 
 
 3
 1. When the district court granted summary judgment on most of Van Ordstrand's claims, it left one fraud claim for trial.[1] That was a claim that Abelman and Bartfield had committed fraud when they issued a second contribution call for interest due on the bank loan which had been taken out on the property. That claim did proceed to trial, but the district court granted judgment as a matter of law at the close of Van Ordstrand's case. Fed.R.Civ.P. 50(a)(1). A judgment as a matter of law "is proper when the evidence permits only one reasonable conclusion as to the verdict." Zamalloa v. Hart, 31 F.3d 911, 913 (9th Cir.1994) (quotation omitted). As the Supreme Court has indicated, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The district court found the latter part of this disjunctive to be the case, and we agree.
 
 
 4
 In short, Van Ordstrand, who had put no funds into the property, had agreed to advance funds if a proper call were made upon him by the general partners, Abelman and Bartfield. Before the call was made, Abelman and Bartfield had been advancing their own money to carry the interest on the project, and they reasonably believed that Van Ordstrand should contribute. Thus, they made a demand, and he was not forthcoming. He, and they, might have hoped that no call would be necessary, but one was. That is not fraud; it is just one of the vicissitudes of business life. Given the facts stipulated to by the parties and the lack of evidence of wrongdoing, the district court properly granted judgment as a matter of law on that fraud claim.
 
 
 5
 2. As already mentioned, before the case went to trial the district court granted summary judgment on a number of Van Ordstrand's claims.[2] The standard for summary judgment is much the same as that for judgment as a matter of law, the issue just comes up in a different, and earlier, procedural context. Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Rebel Oil Co. v. Atlantic Richfield Co., 51 F.3d 1421, 1432 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 515, 133 L.Ed.2d 424 (1995). Not surprisingly, the evidence available at the summary judgment stage was no more efficacious than that available at trial.
 
 
 6
 The terms of the partnership were clear, and the added contribution provision was well known to Van Ordstrand before he ever signed the partnership agreement. In fact, the provision caused him concern, but Abelman and Bartfield told him that if he was concerned about the deal "let us not go forward." That does not smack of the misrepresentations or justifiable reliance that are needed to show fraud. See Epperson v. Roloff, 719 P.2d 799, 802 (Nev.1986); Lubbe v. Barba, 540 P.2d 115, 117 (Nev.1975). Similarly, Van Ordstrand had no evidence of conversion because he could not show that Abelman and Bartfield had interfered with his property rights. See Bader v. Cerri, 609 P.2d 314, 317 (Nev.1980). And his claims of breach of fiduciary duty and breach of the covenant of good faith and fair dealing founder on the same shoals as his fraud and conversion claims. He simply had no evidence that any justified expectations of his had been disappointed. See Perry v. Jordan, 900 P.2d 335, 338 (Nev.1995). Surely his hopes were disappointed; he hoped to make a great deal out of the project, but that was not to be. The demands of the lender and the state of the economy thwarted him; he presented no sufficient evidence that the wrongdoing of Abelman and Bartfield did so. By the same token, he did not have evidence that Abelman and Bartfield interfered with some prospective economic advantage of his. See Leavitt v. Leisure Sports, Inc., 734 P.2d 1221, 1225 (Nev.1987). His assertions that they were not great developers and that he wished he could have found better ones are far from showing that they interfered with a relationship he had with someone else which they knew about. One could always wish that he had chosen a different partner after a deal goes sour, but it takes more than that to make a tort. Moreover, we see no grounds for a claim of conspiracy or for a constructive trust over property. Absent some showing of wrongdoing, neither of those is available. See, e.g., Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 622 (Nev.1983) (elements of conspiracy include intended wrongdoing); Balish v. Farnham, 546 P.2d 1297, 1300-01 (Nev.1976) (constructive trust imposed as remedy for wrongdoing). Finally, if the trial proceeding had shown that there was fraud regarding the second contribution, that may have undercut some parts of the summary judgment determination. That showing was not forthcoming. Thus, we need not consider the possibility.
 
 
 7
 3. Abelman and Bartfield request that we sanction Van Ordstrand for failure to fully comply with the requirement that he give record references to support assertions made in his briefs. See Fed.R.App. 28(a)(4) and 28(e); 9th Cir.R. 28-2.8. We agree that we do have discretion to levy sanctions. See Kalombo v. Hughes Market, 886 F.2d 258, 260 (9th Cir.1989); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir.1988) (per curiam); Mitchel v. General Elec. Co., 689 F.2d 877, 879 (9th Cir.1982) (per curiam). However, we decline to levy sanctions in this case. Although Van Ordstrand did not fully live up to his obligations in briefing this case, he did make some feeble attempts to do so; he did supply some record references. While counsel's deficiencies in his briefing and at oral argument sorely tempt us, we do not think this case is quite egregious enough to warrant sanctions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Judge George conducted the trial and granted the motion for judgment as a matter of law
 
 
 [2]
 Judge McKibben heard and decided the motion for summary judgment