**132 Nev., Advance Opinion 41**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GOLIGHTLY & VANNAH, PLLC,<br>Appellant,<br>vs.<br>TJ ALLEN, LLC; AND RENOWN<br>REGIONAL MEDICAL CENTER,<br>Respondents. | No. 67927<br><br>**FILED**<br><br>JUN 02 2016<br><br> |

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a final judgment in an interpleader action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

*Affirmed.*

Golightly & Vannah, PLLC, and Robert D. Vannah and L. DiPaul Marrero, II, Reno,
for Appellant.

Maupin, Cox & LeGoy and Kim G. Rowe and Paul J. Anderson, Reno,
for Respondent Renown Regional Medical Center.

TJ Allen, LLC,
in Pro Se.

---

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

*OPINION*

By the Court, CHERRY, J.:

NRS 18.015(3) requires an attorney to perfect a lien by serving notice "upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." NRS 18.015(4) provides that the lien attaches to recovery "from the time of service of the

notices required." In contingency cases, it can be impossible for an attorney to know the exact amount of the lien because the attorney's percentage is based upon the ultimate recovery itself. Additionally, attorneys' costs often continue to accrue after the recovery. Therefore, we hold that in order to comply with both subsections of the statute, attorneys must, prior to recovery, perfect their liens by serving notice that states both the attorney's percentage of the recovery and that the lien will include court costs and out-of-pocket costs advanced by the attorney in an amount to be determined.

Golightly & Vannah (G&V) received settlement funds from a personal injury claim without first filing perfection notices. In fact, G&V waited until after initiating an interpleader action and moving for distribution, only to serve notices late in the process, after Renown pointed out that G&V had failed to do so. We affirm the district court's decision to order a pro-rata distribution because G&V did not perfect its lien until well after it recovered funds in the personal injury settlement. We also affirm the denial of costs. Additionally, we take this opportunity to clarify that an attorney need not deposit funds with the court in an interpleader action so long as the attorney keeps the funds in his or her client trust account for the duration of the interpleader action.

## FACTS AND PROCEDURAL HISTORY

### Underlying personal injury case

Juan Quinteros was injured in an automobile accident in February 2013. Quinteros hired G&V to represent him on a contingency basis for his personal injury claims. G&V was to receive 33 percent of the recovery. In July 2013, the insurer settled for $15,000, the upper limit of the insured's coverage.

*Interpleader action*

The settlement award was not enough to cover all of Quinteros' medical bills, as Quinteros owed over $34,000 to Renown Regional Medical Center (Renown) alone. There were at least five other potential creditors, including TJ Allen, LLC. To determine how the settlement money should be allocated, G&V filed an NRCP 22 interpleader action, on its own behalf, in March 2014, naming Quinteros, Renown, TJ Allen, and the other potential creditors as defendants. In the complaint, G&V alleged that it had an attorney lien on the $15,000 recovery and that its lien took priority. Because Renown and TJ Allen were the only creditors to answer the complaint, the other potential creditors defaulted in the interpleader action.

In January 2015, G&V filed a motion for distribution of the settlement award to defendants, to enforce its attorney lien, and to recover costs of the interpleader action. Specifically, G&V asked for $5,085.58 via its attorney lien and $630 in costs. Renown filed an opposition, arguing that G&V's lien should not be given priority because there was no evidence that it was ever perfected pursuant to NRS 18.015(3) or that G&V had ever deposited the funds with the district court.

After receiving Renown's opposition, G&V sent perfection notices to Quinteros, Renown, Renown's counsel, and TJ Allen on February 10, 2015. G&V sent a similar notice to the insured on February 12, 2015. G&V also deposited the $15,000 with the district court. In its reply, G&V stated that it had deposited the funds and perfected its attorney lien since the filing of Renown's opposition; therefore, Renown's argument was moot.

The district court disagreed, finding that the perfection notice was untimely because G&V mailed the notices long after reaching settlement in the underlying case. The district court also found that G&V was not entitled to its costs because there was no authority to grant such an award. Because G&V's lien was not perfected, the district court ordered a pro-rata distribution of the recovery: G&V received $1,800; TJ Allen received $975; and Renown received $12,225.

## DISCUSSION

*The district court did not err in ordering pro-rata distribution because G&V did not perfect its lien until after receiving the settlement funds*

G&V argues that perfection was not possible before it received the settlement because the exact amount of its lien would be unknown until after the settlement was reached and all costs could be calculated. G&V also argues that it could perfect any time before the district court ultimately distributed the funds in the interpleader action. Renown, however, argues that Nevada law mandates perfection before the attorney receives the funds. We agree with Renown.

Attorney liens typically enjoy priority over those from medical providers. *Michel v. Eighth Judicial Dist. Court*, 117 Nev. 145, 150, 17 P.3d 1003, 1007 (2001). An attorney lien, however, is only enforceable when it is attached and perfected pursuant to statute. *Leventhal v. Black & LoBello*, 129 Nev., Adv. Op. 50, 305 P.3d 907, 911 (2013). Because an attorney's charging lien is a creature of statute, the attorney must meet all of the statutory requirements before the lien can be enforced. *Id.* at 909. This issue requires us to interpret NRS 18.015, and we review questions of statutory interpretation de novo. *I. Cox Constr. Co., LLC v. CH2 Invs., LLC*, 129 Nev., Adv. Op. 14, 296 P.3d 1202, 1203 (2013).

An attorney "shall have a lien . . . (a) [u]pon any claim, demand or cause of action . . . upon which a suit or other action has been instituted." NRS 18.015(1). The lien "is for the amount of any fee which has been agreed upon by the attorney and client." NRS 18.015(2). To perfect such a lien, the attorney must "serv[e] notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." NRS 18.015(3). This lien "attaches to . . . any money or property which is recovered on account of the suit . . . *from the time of service* of the notices." NRS 18.015(4)(a) (emphasis added).

We have previously held that when an attorney does not attempt to perfect his or her lien until after settlement is reached and the proceeds have been received, the lien does not attach to settlement proceeds. *Leventhal*, 129 Nev., Adv. Op. 50, 305 P.3d at 910-11. NRS 18.015(4) mandates that we hold no differently now.

In the present case, G&V represented its client in a personal injury claim and obtained a $15,000 settlement. It received the settlement on July 13, 2013, but did not send all of the required notices until February 12, 2015. NRS 18.015(4) provides that the lien attaches only to funds received after the notices are sent and G&V received the funds well before it sent the notices. Because a lien only attaches to proceeds received after the date of service of the notices, we conclude that the district court correctly found that G&V did not have a priority lien against the settlement funds received before those notices were served. Accordingly, we affirm the district court's pro-rata distribution of the settlement proceeds. Although we affirm the district court's order on this

basis, we take this opportunity to address other aspects of attorney liens at issue in this case.

*NRS 18.015(3) does not require attorneys to state an exact dollar amount for their liens*

G&V argues that perfection was impossible prior to settlement because it did not know how much its lien would be worth until after settlement was reached and all costs were calculated. We agree that G&V could not state an exact dollar amount before settlement. However, NRS 18.015(3) does not require the attorney to state an exact dollar amount.

NRS 18.015(3) requires a lien notice to "stat[e] the amount of the lien." The statute does not require a specific dollar amount. NRS 18.015(4) requires that such notice be served before any funds are received. In general, attorneys working on a contingency basis cannot state an exact dollar amount until a settlement or verdict is obtained and all costs are calculated.

In order to allow attorneys working on a contingency basis the ability to comply with NRS 18.015(4)'s requirement to perfect before receiving the funds, the notice of the lien must disclose an attorney's agreed upon contingency percentage and claim court costs and out-of-pocket costs advanced by the attorney in an amount to be determined. This rule enables attorneys who work on a contingency basis to notice their liens in a manner that satisfies both NRS 18.015(4)'s requirement of serving the notices before recovery and NRS 18.015(3)'s requirement of "stating the amount of the lien." Thus, G&V was not prohibited from perfecting their lien prior to settlement and receipt of the proceeds.

*An attorney need not deposit contested funds with the district court so long as the funds remain in the attorney's trust account*

G&V argues that any requirement that an attorney deposit the contested funds with the district court makes it more difficult for all parties to eventually receive their awards. G&V further contends that it would be more prudent to allow the attorney in an interpleader action to keep the funds in the attorney's trust account and disburse according to the court's eventual order. We agree.

We previously held in *Michel*, 117 Nev. at 151, 17 P.3d at 1007, that in an NRCP 22 interpleader action, the attorney must tender the entirety of the disputed funds to the district court. We so held because the interpleader action would not protect the attorney "from liability arising out of disputed funds that were not covered by the adjudication." *Id.*

In revisiting this issue, we conclude that the attorney need not deposit the funds with the court so long as the attorney keeps the funds in his or her trust account. Keeping the funds in the trust account enables the attorney to distribute the funds according to the court's order with maximum efficiency. Further, there is nothing within the text of NRCP 22 requiring funds to be deposited with the court. *See Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81-82 (9th Cir. 1982) (stating that although statutory interpleader under 28 U.S.C. § 1335 required the funds to be deposited with the court, FRCP 22 interpleader did not). Accordingly, we clarify *Michel* and note that an attorney may keep the funds in his or her trust account until the court directs disbursement.

*The district court did not err in denying G&V costs in this case*

G&V argues that because it had an equitable duty to file the interpleader action on behalf of its client, reason dictates that it should not be forced to bear the entire cost of said action. G&V also argues that a party need only seek in excess of $2,500, but not necessarily recover that much to be eligible for costs. Renown argues that because G&V did not prevail and recover more than $2,500 in the district court, it was not entitled to an award of costs. We agree with Renown to the extent that G&V did not prevail because G&V asserted a priority lien, and the district court ruled that the lien did not have priority.

This issue requires us to interpret NRS 18.020 and NRS 18.050, and we review questions of statutory interpretation de novo. *Cox Constr.*, 129 Nev., Adv. Op. 14, 296 P.3d at 1203. When an award of costs is discretionary, rather than mandatory, we review for an abuse of discretion. *Cadle Co. v. Woods & Erickson, LLP*, 131 Nev., Adv. Op. 15, 345 P.3d 1049, 1054 (2015).

"Costs must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered . . . [i]n an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." NRS 18.020(3). In actions not specifically enumerated in NRS Chapter 18, the district court has discretion in awarding fees to the prevailing party. NRS 18.050. Under either statute, a party must prevail before it may win an award of costs.

This decision turns on the definition of prevailing party as used in NRS 18.020(3) and NRS 18.050. A prevailing party must win on at least one of its claims. *See Close v. Isbell Constr. Co.*, 86 Nev. 524, 531, 471 P.2d 257, 262 (1970). In *Close*, this court held that a party prevailed when it won on its mechanic's lien claim but had its damages reduced

significantly by the adverse party's counterclaim. *Id.* at 525, 531, 471 P.2d at 258, 262. Although Isbell received net damages significantly less than the award on its successful claim, it nonetheless prevailed. *Id.* at 531, 471 P.2d at 262.

G&V's argument fails, however, because it was not a prevailing party in the interpleader action. G&V sought a ruling that its lien had priority and that it receive its contingency fee from the recovery. Renown, the adverse party, claimed that the lien was not perfected and therefore had no priority. The district court ruled in favor of Renown, awarding it a full pro-rata share at the expense of G&V's claimed recovery. Although G&V, like the respondent in *Close*, received some money, G&V did not prevail on its sole claim of priority, thus it did not prevail.[1] Accordingly, G&V is not entitled to costs pursuant to NRS 18.020(3) or the discretionary provisions contained in NRS 18.050 because both require the party to prevail.

G&V also argues that it should recover its costs because interpleader is an equitable proceeding. "Interpleader is an equitable proceeding to determine the rights of rival claimants to property held by *a third person having no interest therein.*" *Balish v. Farnham*, 92 Nev. 133, 137, 546 P.2d 1297, 1299 (1976) (emphasis added); *see also Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980) (stating that although an attorney who initiates an interpleader as a neutral stakeholder is typically awarded costs, an attorney who enters the conflict by contesting ownership or disputing the correct amount of his recovery is

---

[1]Because we conclude that G&V did not prevail, we decline to rule on its argument about whether a prevailing party who seeks in excess of $2,500, but wins a lesser amount, is entitled to costs.

not). G&V is not a neutral third party in this case, but one of the rival claimants seeking its share of the funds.

Because G&V did not prevail below and the applicable statutes only award costs to prevailing parties, we conclude that the district court was correct to deny the request for costs.

## *CONCLUSION*

Accordingly, we affirm the judgment of the district court. An attorney must serve perfection notices as required by statute before receiving any funds he or she claims a lien against. Attorneys working on a contingency basis, however, may perfect their liens by stating the agreed-upon contingency percentage, and claim court costs and out-of-pocket costs advanced by the attorney in an amount to be determined. We further clarify that attorneys are not required to deposit the subject funds with the district court so long as those funds remain in the attorney's trust account.

_____, J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons