John CALL and Clark Jenkins,
Plaintiffs and Appellants,

v.

CITY OF WEST JORDAN, Utah,
Defendant and Respondent.

No. 15908 (Rehearing).

Supreme Court of Utah.

June 27, 1980.

---

6. Section 54–1–6.

7. *See* footnote 2, *supra*.

Robert J. DeBry and Valden P. Livingston, Salt Lake City, for plaintiffs and appellants.

Lynn W. Mitton, Sandy, for defendant and respondent.

WILKINS, Justice:

This matter is again before us following our granting of plaintiffs' petition for rehearing. The original majority opinion addressed primarily the issue of whether there was statutory authority for the City of West Jordan to pass an ordinance requiring a subdivider to dedicate land or pay a fee in lieu of dedication as a prerequisite to approval of the subdivision plat.[1] This issue was decided by the majority in the affirmative.[2] On rehearing this Court limited the scope of review to the issue of whether the ordinance in question is constitutional, and therefore we address only this matter now.

 Once it is determined that a municipal ordinance is within the scope of powers granted by the legislature—and the prior opinion of this Court indicated that the ordinance in question was—the ordinance is entitled to the presumption of constitutional validity accorded other legislation.[3] In this case, the District Court ruled that the ordinance was constitutional and therefore granted West Jordan's motion to dismiss.

 While we agree that the ordinance is not unconstitutional on its face,[4] plaintiffs raise questions as to its constitutionality as applied to them which make disposition of this issue as a matter of law inappropriate. We stated in our prior opinion in this case that "the dedication should have some reasonable relationship to the need created by the subdivision."[5] This same requirement has been articulated in the decisions of other jurisdictions addressing this issue. In *Jordan v. Village of Menomonee Falls*,[6] the Court held:

> We conclude that a required dedication of land for . . . park or recreational sites as a condition for approval of the subdivision plat should be upheld as a valid exercise of police power if the evidence reasonably establishes that the municipality will be required to provide more land for . . . parks and playgrounds as a result of approval of the subdivision.

---

1. The ordinance in question in pertinent part reads as follows:

 Section 9–C–8(a). *In addition to all the other requirements prescribed under this ordinance the subdivider shall be required to dedicate the seven per cent (7%) of the land area of the proposed subdivision to the public use for the benefit and use of the citizens of the City of West Jordan . . . or in the alternative at the option of the governing body of the City, the City may accept the equivalent value of the land in cash if it deems advisable.*

2. *Call v. City of West Jordan*, Utah, 606 P.2d 217 (1979). In *Call I*, the author of this opinion filed a dissenting opinion, in which Justice Maughan concurred, and which concluded that there was no statutory authority for the ordinance in question.

3. *Crestview-Holladay Homeowners Association, Inc. v. Engh Floral Company*, Utah, 545 P.2d 1150 (1976); 1 R. Anderson, American Law of Zoning 2d (1977), § 3.23.

4. While brevity and succinctness in the drafting of legislation—as in judicial opinions—may be desirable and certainly is appreciated, the ordinance in question when compared with similar provisions from other jurisdictions evidences a paucity of stated purpose and standards of application that borders on rendering the ordinance unconstitutionally vague. See, e. g., the ordinances quoted in *Jordan v. Village of Menomonee Falls*, 28 Wis.2d 608, 137 N.W.2d 442 (1965); *Associated Home Builders v. City of Walnut Creek*, 4 Cal.3d 633, 484 P.2d 606, 94 Cal.Rptr. 630 (1971); *Home Builders Association of Greater Kansas City v. City of Kansas City*, 555 S.W.2d 832 (Mo.1977).

5. 606 P.2d at 220.

6. 28 Wis.2d 608, 618, 137 N.W.2d 442, 448 (1971).

Likewise in *Home Builders Association of Greater Kansas City v. City of Kansas City*,[7] the Missouri Supreme Court held:

. . . if the burden cast upon the subdivider is *reasonably* attributable to his activity, then the requirement [of dedication or fees in lieu thereof] is permissible; if not, it is forbidden and amounts to a confiscation of private property in contravention of the constitutional prohibitions rather than reasonable regulation under the police power. *Insofar as the establishment of a subdivision within a city increases the recreational needs of the city, then to that extent the cost of meeting that increase indeed may reasonably be required of the subdivider.* (Emphasis in original.)

In this case the rule adopted by this Court in *Call I*, quoted *ante*, cannot be applied without plaintiffs being given the opportunity to present evidence to show that the dedication required of them had no reasonable relationship to the needs for flood control or parks and recreation facilities created by their subdivision, if any. Implicit in this rule is the requirement that if the subdivision generates such needs and West Jordan exacts the fee in lieu of dedication, it is only fair that the fee so collected be used in such a way as to benefit demonstrably the subdivision in question. This is not to say that the benefit must be *solely* to the particular subdivision, but only that there be some demonstrable benefit to it.

Reversed and remanded for further proceedings not inconsistent with this opinion. No costs awarded.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

7. 555 S.W.2d 832, 835 (Mo.1977).