**STATE of Utah, Plaintiff and Appellee,**

v.

**James Harleston LINDEN, Defendant and Appellant.**

No. 870389.

Supreme Court of Utah.

Aug. 26, 1988.

Elliott Levine, West Valley City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

## PER CURIAM:

Defendant appeals from his convictions of aggravated robbery, theft, and possession of a dangerous weapon. We affirm.

Defendant's convictions stem from a robbery of Suttons of Park City, a jewelry store in Park City, Utah. Defendant's preliminary hearing was held on June 16, 1987, and he was bound over for· trial after the magistrate found probable cause existed that defendant had committed the offense. On July 9, 1987, a notice of trial setting was filed advising defendant and his counsel that the trial would be held on September 24. A new notice filed August 18 advised defendant that his trial had been advanced to September 9. On September 1, defendant filed his motion for a continuance of trial claiming that as a result of his incarceration he had not been able to contact out-of-state witnesses to testify on his behalf and that he had not had the opportunity to prepare an adequate defense [1] and to assist his co-counsel in the defense of his case. The motion was denied, and the trial was held as scheduled.

In his appeal to this Court, defendant first claims that the trial court's denial of his motion for continuance was an abuse of discretion. Defendant's claim is disposed of by this Court's ruling in *State v. Creviston*, 646 P.2d 750, 752 (Utah 1982):

> When a defendant in a criminal action moves for a continuance in order to procure the testimony of an absent witness, such a defendant must show that the testimony sought is material and admissible, that the witness could actually be produced, that the witness could be produced within a reasonable time, and that due diligence has been exercised before the request for a continuance.

The record before us is completely barren of any information on the names and availability of defendant's witnesses, the materiality of their testimony, or any other facts that would have permitted the trial court to decide whether their testimony was essential or merely cumulative. Defendant prepared no affidavit to show that he attempted in good faith to contact his witnesses but was unable to do so because of the time constraint. The burden was on defendant to place that information before the trial court. In light of his failure to do so, the trial court's denial of his continuance was not an abuse of discretion.

Defendant next contends that the trial court abused its discretion by impaneling jury veniremen who were too closely aligned, both through business and personal relationships, with the county attorney.

---

1. At his request, defendant was allowed to represent himself, with his appointed counsel acting as co-counsel.

**1388**

He claims that that composition on its face denied him his constitutional rights under both state and federal constitutions to a fair and impartial trial by jury. He also points out that the jury deliberated for only seven and one-half minutes before returning the verdict of guilty on all charges, which to him proves that it did not deliberate with impartiality, as that state of mind is defined in *State v. Brooks*, 563 P.2d 799 (Utah 1977).

■ At trial, the evidence of defendant's guilt was overwhelming. If he objected to the panel of veniremen or individual jurors, it was his duty to challenge the jury, Utah Code Ann. § 77–35–18 (1982), and to persuade the trial court that some or all jurors were not disinterested, indifferent, or impartial. *State v. Brooks* stands for the proposition that a trial court abuses its discretion in not excusing for cause jurors whose impartiality has been placed in doubt by the challenging party.

■ The transcript of the trial in this case indicates that the jury voir dire was recorded but not transcribed. *State v. Wulffenstein*, 657 P.2d 289, 293 (Utah 1982), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983), is therefore dispositive.

> When a defendant predicates error to this Court, he has the duty and responsibility of supporting such allegation by an adequate record. Absent that record, defendant's assignment of error stands as a unilateral allegation which the review court has no power to determine. This Court simply cannot rule on a question which depends for its existence upon alleged facts unsupported by the record.

Inasmuch as defendant has failed to provide an adequate record on appeal on this point, this Court presumes regularity in the proceedings below. *State v. Robbins*, 709 P.2d 771, 773 (Utah 1985).

The convictions and sentences are AFFIRMED.