**Raelyn BROBERG, Plaintiff and Appellant,**

v.

**Tim and Karen HESS, Defendants and Respondents.**

No. 870547–CA.

Court of Appeals of Utah.

Oct. 23, 1989.

Robert DeBry and Dale F. Gardiner, for plaintiff and appellant.

Harold L. Peterson, for defendants and respondents.

Before GREENWOOD, BILLINGS and DAVIDSON, JJ. (On Rule 31 Hearing).

## MEMORANDUM DECISION

PER CURIAM:

Plaintiff appeals from a jury's verdict of no cause of action, claiming the trial court's refusal to ask prospective jurors about their connections with defendants' insurer was reversible error. We initially concluded that the issues on appeal could be considered and decided without the necessity of a written opinion and, therefore, scheduled the matter for hearing under R.Utah Ct.App. 31. After hearing the arguments of counsel on the merits, we determined that we should issue a written decision to clarify our disposition of the appeal. *See* R.Utah Ct.App. 31(f).

Martin I. Broberg slipped and fell in defendants' apartment stairway and brought this action to recover for his injuries in the accident.[1] The apartment and defendants were insured by State Farm Fire and Casualty Co. Sometime prior to trial, plaintiff filed a request to submit several voir dire questions to the prospective jurors. On appeal, she challenges the trial judge's refusal on voir dire to inquire whether any panel member (1) had ever worked for an attorney or an insurance company, or (2) had any financial interest in State Farm Insurance Co. Plaintiff claims that the failure to ask these two questions precluded her from intelligently challenging the prospective jurors, either preemptorily or for cause.

---

1. During this appeal, Mr. Broberg died and his wife, Raelyn Broberg, was substituted as the plaintiff and appellant.

The purposes of a jury voir dire examination are to detect bias sufficient to challenge a juror for cause and to collect information to permit an intelligent use of peremptory challenges. *Doe v. Hafen*, 772 P.2d 456, 457–58 (Utah Ct.App.1989). The trial judge is allowed considerable discretion to control any voir dire examination so as to protect the interests of the parties and the privacy of the prospective jurors. *Ostler v. Albina Transfer Co.*, 781 P.2d 445 (Ct.App.1989); *Hornsby v. Corporation of the Presiding Bishop*, 758 P.2d 929, 932 (Utah Ct.App.1988).

Plaintiff contends that her questions were entirely appropriate under *Balle v. Smith*, 81 Utah 179, 17 P.2d 224 (1932). Defendants respond that plaintiff's proposed inquiries would inappropriately insert insurance coverage as a prejudicial issue and were foreclosed by *Saltas v. Affleck*, 99 Utah 381, 105 P.2d 176 (1941).

In *Balle*, the defendant Smith argued that a mistrial should have been granted when Balle asked a prospective juror whether he had any interest in Lloyds, defendant's insurer. The trial court sustained defense counsel's objection to the question, but refused to grant a mistrial and merely instructed the jury to disregard any reference to insurance. The Utah Supreme Court affirmed the refusal to grant the mistrial. However, the court observed that, for defendant's part, whether he or she is financially protected by insurance is generally irrelevant to the issue of negligence. The court further conceded that a juror's knowledge of defendant's insurance is widely believed to prejudicially impact the juror's decision. As plaintiff would argue in this case, the court also agreed that each party is entitled to a panel of impartial and disinterested jurors. Plaintiff is, therefore, entitled to know whether a prospective juror has an interest in, or is connected with, an insurance company who may be interested in the litigation. *Balle*, 81 Utah at 190–01, 17 P.2d 224.

After recognizing these competing interests, the court then held that Balle was entitled to learn whether any juror was interested in any insurance or casualty company that may have an interest in the litigation as the defendant's insurer. Therefore, there was no error and defendant was not prejudiced by the refusal to grant a mistrial. However, the court cautioned, an inquiry by plaintiff must not be intended to or actually convey the impression that defendant is, in fact, so insured. *Id.* at 192, 17 P.2d 224.

Later, in *Saltas v. Affleck*, 99 Utah at 381, 105 P.2d 176, the Utah Supreme Court reversed a jury verdict for the plaintiff Saltas because his voir dire inquiries made inappropriate reference to insurance coverage and defendant's insurer, thereby tilting the delicate balance of interests recognized in *Balle*. Drawing support from *Balle*, the court reemphasized the competing nature of the parties' interests, *Id.* at 388, 105 P.2d 176, and held that although plaintiff was entitled to learn whether prospective jurors might have an interest in defendant's insurer, the questions posed inadequately explored any preliminary areas of interest and unnecessarily exposed the interests of the insurer. Plaintiff's voir dire inquiries were designed to reveal the existence of an insurer and were not presented in a manner that avoided damage to defendants' interests. Therefore, it was error to examine each juror as to his or her connections with a specific insurance company so as to indicate that the insurer was a probable real party in interest. *Id.* at 389, 105 P.2d 176.

In his concurring opinion, Justice McDonough emphasized that the voir dire inquiry by counsel must be in good faith. Because plaintiff's attorney had not made any preliminary inquiry as to jurors' connections with insurance companies generally, questions identifying a specific company were improper because they conveyed the understanding that the defendant was, in fact, insured. If it is first ascertained that a potential juror is connected with an insurance company, then the trial court should be able to ascertain which company that is without first naming or suggesting a spe-

cific one. *Id.* at 391, 105 P.2d 176 (McDonough, J., concurring).

We do not consider *Balle* and *Saltas* to be in conflict but, instead, are consistent applications of the same balancing process which, under different facts and questions, lead to different results. We agree with Justice Stewart, in *Kilpack v. Wignall*, 604 P.2d 462, 463 n. 1 (Utah 1979), that "a properly phrased inquiry is not grounds for a mistrial." As stated by Justice Howe in *State v. Moton*, 749 P.2d 639, 642 (Utah 1988): "The brilliance of the adversarial system is that each side tries to select a jury which is most favorable to its position. Thus, each side shows its best profile, and justice sees truth full face."

The question then remains whether plaintiff's proposed voir dire questions in this case rise to the level of a "properly phrased inquiry" so as to maintain the delicate balance that necessarily protects the interests of both parties. Because of the incompleteness of the record, we are unable to properly resolve the question. After a thorough examination of the entire record, including the written questions proposed by plaintiff and the transcript excerpts of a portion of the voir dire examination, we cannot find that plaintiff ever presented the matter to the trial court or preserved the alleged error for appeal. The record on appeal does not show how, in what context, or even whether the written questions were brought to the trial court's attention at the time of voir dire of the potential jurors. No objection to the failure to ask the allegedly proffered questions was made on the record. No mention was ever made by counsel at trial that any further examination of the jury panel was necessary. The proposed questions were never discussed on the record and no proffer was made that they were relevant or material. In fact, it is not entirely clear from the partial transcript that the trial court did not attempt to accommodate plaintiff's request by some alternately phrased inquiry. Furthermore, at the conclusion of the voir dire examination, appellant passed the jury for cause.

▮ When there is no indication in the record on appeal that the trial court reached or ruled on an issue, this court will not undertake to consider the issue on appeal. *State v. Pacheco*, 778 P.2d 26 (Ct. App.1989). *See also State v. Ortiz*, —— P.2d ——, 118 Utah Adv.Rep. 75, 76 (Utah Ct.App.1989) ("without a record of a ruling below, we cannot review the trial court's alleged error. '... [a] contemporaneous objection or some form of specific preservation of claims of error must be made a part of the trial court record before an appellate court will review such claim on appeal.' " quoting *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987)). All that are before us on the record are the written questions, presumably filed by appellant before the commencement of trial.

▮ A timely and recorded objection to the trial court's failure to comply with a request at trial puts the judge on notice of the asserted error and allows the opportunity for correction at that time in the course of the proceeding. A specific objection to the failure to make a requested voir dire inquiry is required so that the trial court may correct its error before the jury is selected and empaneled. There is no support for appellant's claim that the trial judge knew the action he was requested to take but refused to take it. We do not infer the trial judge's knowledge or a party's compliance with Utah R.Civ.P. 46 from a silent record.[2]

▮ Since there is no record that an objection was lodged to the trial judge concerning his failure to make the requested inquiry before the jurors were passed for

---

**2.** Although Utah R.Civ.P. 46 provides that a "formal" exception to a ruling is not required, the rule does not excuse the necessity to record any objection or exception at all:

> It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; ....

cause, selected and empaneled, appellant cannot for the first time after trial assert this error in a motion for new trial or on appeal. Because there was no timely objection, we make no determination of the issue on appeal.

The judgment of the trial court is affirmed.

All concur: