John CALL and Clark Jenkins,
Plaintiffs and Appellants,

v.

CITY OF WEST JORDAN, Defendant
and Respondent.

No. 880047–CA.

Court of Appeals of Utah.

March 7, 1990.
Rehearing Denied March 22, 1990.

Dale F. Gardiner and Robert J. DeBry, Salt Lake City, for plaintiffs and appellants.

Steven G. Homer, West Jordan, for defendant and respondent.

Before GARFF, GREENWOOD and ORME, JJ.

GARFF, Judge:

Appellants John Call and Clark Jenkins appeal the trial court's ruling denying their motions for: (1) entry of judgment on their 42 U.S.C. § 1983 (1981) civil rights claim, (2) attorney's fees, (3) joinder of other subdividers as parties plaintiff, and (4) costs. We affirm.

In 1977, appellants owned land outside respondent City of West Jordan's (the City's) limits. They voluntarily applied for annexation, and then successfully applied for approval to develop a subdivision. At this time, the City had an ordinance which required subdividers to dedicate seven percent of the proposed subdivision land to the City or to pay the equivalent of the land value in cash. This land or cash was to be used by the City for flood control and/or park and recreational facilities. On May 2, 1977, pursuant to this ordinance, appellant Jenkins paid $16,576, approximately seven percent of the value of his land, to the City under protest. The City Council then approved appellants' subdivision.

Appellants sued the City on February 7, 1978, challenging the validity of the ordinance, requesting a refund of their money, and demanding class action certification. After the trial court upheld the validity of the ordinance, appellants appealed. In *Call v. West Jordan*, 606 P.2d 217 (Utah 1979) (*Call I*), the Utah Supreme Court upheld the facial constitutionality of the ordinance and remanded the case for further proceedings in accordance with the opinion. Appellants applied for rehearing before the supreme court. The supreme court granted rehearing and found, in *Call v. West Jordan*, 614 P.2d 1257 (Utah 1980) (*Call II*), that although the ordinance was not unconstitutional on its face, it may have been unconstitutionally applied to ap-

pellants. It remanded the case to enable appellants to present evidence before the trial court showing that the dedication required of them by the ordinance had no reasonable relationship to the City's needs for flood control or recreation facilities created by appellants' subdivision.

Upon remand, the trial court allowed appellants to amend their complaint. In their amended complaint, appellants requested relief under 42 U.S.C. § 1983,[1] alleging that their constitutional rights had been violated under several theories, including their due process rights to notice and hearing. The trial court denied appellants' renewed demand for class action certification and dismissed appellants' case. Appellants again appealed to the supreme court, which, in *Call v. West Jordan,* 727 P.2d 180 (Utah 1986) (*Call III*), ruled that appellants' pleadings had been appropriately amended upon remand; the City, rather than appellants, had the burden of proving compliance with notice and hearing requirements set forth in Utah Code Ann. § 10–9–25 (1986);[2] the City had failed to carry this burden of proof; and the ordinance was, accordingly, void ab initio. The supreme court disallowed appellants' requested class action status, stating that "[i]n the history of this lawsuit, plaintiffs requested class action certification on three different occasions from three different trial judges. All three denied their requests." *Call III,* 727 P.2d at 183. The supreme court then remanded the case to the trial court for judgment consistent with the opinion.

Previously, on April 6, 1978 and July 30, 1980, appellants had served interrogatories on the City, seeking information as to the identities of other subdividers and the amounts they had paid to the City under the ordinance. The City responded, stating that the answers sought could be obtained from the City's business records, and gave appellants access to the records. Appellants, apparently confused by the records, hired a CPA to examine them. The trial court then, at appellants' request, appointed a master to examine the records to determine who had paid what to the City, and what the City had done with the money. The court specified that appellants were to pay the master's fee. The record contains no evidence as to the CPA's or master's findings or the amounts of their fees.

On October 2, 1987, following remand, appellants moved to join additional plaintiffs, the other subdividers whom they had previously attempted to represent through means of class action certification. Appellants also moved for entry of judgment on their section 1983 civil rights claim, for attorney's fees, and for the reimbursement of the CPA's and master's fees.

On November 5, 1987, the trial court entered a written order and judgment denying appellants' motion for entry of judgment on the civil rights claim, ordering the parties to assume their own attorney's fees, and awarding appellants judgment against the City in the amount of $16,576, and interest in the amount of $14,415.14. On November 24, 1987, the trial court ordered the City to pay to appellants costs of $34, but ordered that appellants bear the master's and CPA's fees. Although appellants excepted to the trial court's failure to explain the basis upon which it had denied their request for attorney's fees, they did not object to the trial court's failure to make any specific findings as to the civil rights claim, nor did they propose any findings to the trial court as to the civil rights

---

1. 42 U.S.C. § 1983 states, in part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an ac-

   tion at law, suit in equity, or other proper proceeding for redress.

2. Utah Code Ann. § 10–9–25 (1986) states, in relevant part: "In exercising the powers granted to it by the act, the planning commission shall prepare regulations governing the subdivision of land within the municipality. A public hearing thereon shall be held by the legislative body, after which the legislative body may adopt said regulations for the municipality."

claim. Appellants filed this appeal with the supreme court, which was subsequently transferred to this court.

Appellants allege that the trial court erred in refusing to: (1) try the issue and enter judgment in favor of appellants on the civil rights claim, (2) award appellants attorney's fees, (3) reimburse appellants for their costs incurred in conducting the CPA audit and the master's investigation, and (4) join the other subdividers as parties plaintiff. The City alleges that appellants have lodged a frivolous appeal.

We emphasize that, on appeal, the parties have provided us with an extremely sketchy, incomplete record, which does not include any trial transcripts relevant to these issues.

## I.

## CIVIL RIGHTS CLAIM

██ Appellants argue that the trial court erred in dismissing their civil rights claim under 42 U.S.C. § 1983 because the Utah Supreme Court, in *Call III*, found that the City did not comply with notice and hearing requirements in enacting the ordinance in question. They maintain that they were denied due process of law, so, consequently, have a valid cause of action under section 1983.

██ It is well established that this court will not consider an issue on appeal "[w]hen there is no indication in the record on appeal that the trial court reached or ruled on an issue." *Broberg v. Hess*, 782 P.2d 198, 201 (Utah Ct.App.1989); *see also State v. One 1979 Pontiac Trans Am*, 771 P.2d 682, 684 (Utah Ct.App.1989). On appeal, the appellant has the burden of marshalling all the evidence supporting the trial court's findings and then demonstrating that all the evidence, when viewed most favorably to the trial court's judgment, is insufficient. *Marchant v. Park City*, 771 P.2d 677, 682 (Utah Ct.App.1989). Thus, the appellant has the burden of providing the reviewing court with an adequate record on appeal to prove his allegations.

*See Broberg*, 782 P.2d at 201. As the supreme court, in *State v. Linden*, 761 P.2d 1386, 1388 (Utah 1988) (quoting *State v. Wulffenstein*, 657 P.2d 289, 293 (Utah 1982)), stated:

> When a defendant predicates error to this Court, he has the duty and responsibility of supporting such allegation by an adequate record. Absent that record, defendant's assignment of error stands as a unilateral allegation which the review [sic] court has no power to determine. This Court simply cannot rule on a question which depends for its existence upon alleged facts unsupported by the record.

Although the trial court ruled against appellants' civil rights claim, the record does not contain the court's rationale nor does it show that appellants argued the issue or presented any evidence pertaining to it. Appellants have fallen far short of the requirement that they marshal the facts supporting the trial court's ruling and then demonstrate that the evidence is insufficient to support it. In fact, they have not even supported their allegations that they have a claim under section 1983 with any evidence whatsoever on the record. The only evidence they cite is the supreme court's holding in *Call III*.[3]

Section 1983 requires two allegations to state a cause of action: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *see also* 42 U.S.C. § 1983. The supreme court held that the City's ordinance had not been adopted according to statutory requirements because the City had failed to properly give notice or to hold a public hearing, thus depriving appellants of a statutory right. *Call III*, 727 P.2d at 183. However, the court did not address the issue in terms of constitutionality, and made no ruling as to whether or not the ordinance was adopted under the color of state law. Therefore, *Call III* is

---

**3.** *The text of Call III was not provided in the*   record.

insufficient evidence to prove that appellants have a valid section 1983 claim.

Although "pleadings are generously interpreted, if they are not supported by any factual showing or by the submission of legal authority, they are not presented [to the trial court] for decision." *James v. Preston*, 746 P.2d 799, 801 (Utah Ct.App. 1987). We have no evidence from this totally inadequate record that the civil rights theory was specifically litigated or that sufficient evidence was introduced to support it. *See Broberg*, 782 P.2d at 201. Therefore, we have no choice but to assume the regularity of the proceedings below and affirm the trial court's dismissal of appellants' civil rights claim. *See Jolivet v. Cook*, 784 P.2d 1148, 1150 (Utah 1989).

## II.

## ATTORNEY'S FEES

### A. *42 U.S.C. § 1988*

■ Appellants argue that they are entitled to attorney's fees under 42 U.S.C. § 1988 (1981) because they should have prevailed on their section 1983 civil rights claim.

Section 1988 provides that, "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." We have held that we are unable to determine from the record if either prong of the section 1983 civil rights test existed or was even addressed at the trial level and, therefore, we assumed that the trial court acted correctly in dismissing appellant's civil rights claim. Because appellants raised no cognizable claim under section 1983, they are not entitled to attorney's fees under section 1988.[4]

### B. *Rule 11 and "Common Fund" Doctrine*

■ Appellants attempt to garner attorney's fees under two additional theories:

(1) Appellants argue that they are entitled to attorney's fees under the provisions of rule 11 of the Utah Rules of Civil Procedure, which require the court to impose sanctions against an attorney who signs a pleading in bad faith. Appellants allege that the City's attorney signed pleadings in bad faith because, first, he signed several papers asserting that the City had held a public hearing after the drafting of the ordinance and prior to its adoption, but never put forth any evidence that the required public hearing had been held; and, second, he made assertions which were not grounded in law when he argued that the City was immune from civil rights claims, despite the Supreme Court's holding in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) *reh'g denied* 446 U.S. 993, 100 S.Ct. 2979, 64 L.Ed.2d 850 (1980).

■ (2) Appellants assert that they are entitled to attorney's fees under the so-called "common fund" doctrine. *See generally Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) (Supreme Court recognized ability of a party to seek reimbursement for litigation expenses after creating a "common fund"); *Turtle Management, Inc. v. Haggis Management, Inc.*, 645 P.2d 667, 671 n. 1 (Utah 1982) (court does not adopt but defines common fund doctrine). This equitable doctrine permits a litigant, who expends attorney's fees in winning a suit from which others derive benefits, to require the passive beneficiaries to share the burden of litigation costs. *Means v. Montana Power Co.*, 625 P.2d 32, 37 (Mont. 1981); *Guild, Hagen & Clark, Ltd. v. First Nat'l Bank of Nevada*, 95 Nev. 621, 600 P.2d 238, 239 (1979).

---

4. We note that attorney fees may also be claimed by a party under the theory that the party succeeded on a non-civil-rights claim "pendent to a substantial constitutional claim and which arises from a 'common nucleus of operative fact.'" *Lorenc v. Call*, 789 P.2d 46, 50 (Utah Ct.App.1990) (quoting *Smith v. Robinson*, 468 U.S. 992, 1005, 104 S.Ct. 3457, 3464, 82 L.Ed.2d 746 (1984)). However, appellants made no such claim here.

There is no evidence in the record that appellants raised these theories of recovery in the trial court, or that the trial court ruled specifically on either of them.[5] As we have noted above, if an issue is not supported by either a factual showing or the submission of legal authority, it has not been presented for decision. *James*, 746 P.2d at 801; *see also Broberg*, 782 P.2d at 201. "Further, the rule that a legal theory may not be raised for the first time on appeal is 'to be stringently applied when the new theory depends on controverted factual questions whose relevance thereto was not made to appear at trial.'" *James*, 746 P.2d at 801 (quoting *Bogacki v. Board of Supervisors*, 5 Cal.3d 771, 489 P.2d 537, 543–44, 97 Cal.Rptr. 657, 663–64 (1971)). Because we will not consider an issue for the first time on appeal, *Southern Title Guaranty Co. v. Bethers*, 761 P.2d 951, 956 (Utah Ct.App.1988), and because we presume regularity of the proceedings below in the event the party who seeks to upset the judgment fails to provide an adequate record on appeal, *Jolivet*, 784 P.2d at 1150, we decline to consider the merits of appellants' contention that they are entitled to attorney's fees and, thus, affirm the trial court's judgment.

### III.

### JOINDER OF OTHER SUBDIVIDERS

■ Appellants request that we remand this case for joinder, as indispensable parties, of the other subdividers who paid fees to the City under the ordinance. They argue that joinder is justified because the supreme court, in *Call I*, found that the fees paid under the ordinance were a trust fund,[6] and then, in *Call III*, found that the ordinance creating the fund was void ab initio, thus raising the question of who is entitled to the fund. Because other subdividers are contributors to the fund, appellants maintain that they are indispensable parties who must be joined.

Rule 19(a) of the Utah Rules of Civil Procedure states that a party must be joined as a party in an action if:

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

■ In other words, an indispensable party is one "whose presence is required for a full and fair determination of his rights as well as of the rights of other parties to the suit." *Bonneville Tower Condominium Management Comm. v. Thompson Michie Assocs.*, 728 P.2d 1017, 1019 (Utah 1986) (quoting *Cowen & Co. v. Atlas Stock Transfer Co.*, 695 P.2d 109, 114–15 (Utah 1984)); *see also Stevens v. Loomis*, 334 F.2d 775, 777 (1st Cir.1964) (an indispensable party is "one as to whom any judgment, if effective, would necessarily affect his interest, or would, if his interest is eliminated, constitute unreasonable, inequitable, or impractical relief"). The purpose of rule 19 is to protect against the entry of judgments which might prejudice

---

5. We are aware that appellants presented portions of the record which indicate that they demanded the trial court enunciate the reasons for its denial of attorney's fees, and that the trial court refused to do this. Appellants, however, have not presented any documentation, transcripts or other sort of evidence in the record indicating that these issues were litigated before the trial court or that the trial court abused its discretion in denying attorney's fees.

6. The supreme court stated in *Call I* that "the recognized principle is that if money is collected from the public for a specific purpose, it becomes a trust fund committed to the carrying out of that purpose." *Call I*, 606 P.2d at 220. This language is not only a dictum rather than a holding, it was also stated in the context of determining whether the money collected under the ordinance was directed toward the use for which it was collected, an issue which was later preserved for presentation of further evidence in *Call II*, not in the context of determining any individual subdivider's right to the funds. Therefore, despite appellants' arguments to the contrary, we do not find this language dispositive in dealing with the issue of joinder of the other subdividers as indispensible parties.

the rights of indispensable parties in their absence. *Cowen*, 695 P.2d at 114; *see also Kemp v. Murray*, 680 P.2d 758, 760 (Utah 1984).

Any judgment rendered in favor of appellants in this case will not prejudice any rights which the other subdividers may have for the following reasons: First, the supreme court has determined that the ordinance was void ab initio, thus entitling all who paid funds under the ordinance to reimbursement. Second, appellants have introduced no evidence that the fund from which any of these parties would be reimbursed is to be liquidated, thus impairing the rights of any of the parties. Third, each party's interest is determined mathematically by proof of the amount that he or she paid under the ordinance. Appellants can, therefore, be accorded complete relief, namely, repayment of the funds they paid to the City under the ordinance, plus interest, without affecting the other subdividers' rights. Likewise there are no issues to be adjudicated between appellants and the other subdividers. Finally, appellants have not shown on the record that the other subdividers require any measures to protect their interests or that their recovery will be inadequate if not joined.[7] Consequently, the other subdividers are not indispensable parties to the action.

We agree with respondent that appellants' argument is merely another thinly disguised attempt at class action certification which has been repeatedly denied in the previous decisions on this matter. Therefore, we find appellants' argument to be without merit.

### IV.

### COSTS

#### A. CPA Audit

■ Although appellants concede that expert witness fees are usually not recoverable costs, they nevertheless demand reimbursement for the cost of the CPA audit of the City's records, reasoning that the audit would not have been necessary had the City properly answered their interrogatories.

From the sketchy record available to us, the only purpose we can find underlying the CPA audit was to allow appellants to determine the identities of the other subdividers and the amounts that they had paid to the City under the ordinance. Because we have ruled that the other subdividers were not indispensable parties to the action, appellants did not prevail on this issue, so are not entitled to reimbursement of any costs. *See* R.Utah Ct.App. 34(a).

#### B. Master's Fees

■ Appellants similarly argue that they are entitled to master's fees, which are normally imposed upon the losing party or upon the party whose conduct necessitated the accounting, because the City's conduct in refusing to answer their interrogatories and in directing appellants to go through its records made the master's appointment necessary.

■ The compensation of a master is fixed by the trial court and paid as the court directs. *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 476 (9th Cir.1974). Because the award of such costs is discretionary with the trial court, we will not overturn such an award absent an abuse of discretion. *Id.* at 476–77.

In the present situation, the master was appointed at appellants' request. Appellants determined the scope, terms, and duration of the master's employment, and appellants did not prevail on any of the issues which the master investigated. Under such circumstances, we do not find that the trial court abused its discretion in refusing to award reimbursement of the master's fee to appellants.

---

7. In *Call III*, the supreme court disallowed appellants' class action certification for substantially the same reasons: the size of the alleged class was too small, the class members were identifiable, their interests were not so insub-stantial that individual suits would not merit the cost, and denial of class action status would not preclude them from pursuing their remedies. *Call III*, 727 P.2d at 183.

## V.

### FRIVOLOUS APPEAL

The City alleges that appellants have brought a frivolous appeal and request that we impose appropriate sanctions. A frivolous appeal is one which is brought without a reasonable legal or factual basis. *Maughan v. Maughan,* 770 P.2d 156, 162 (Utah Ct.App.1989). Although bordering perilously close to being frivolous, we do not find the issues brought in this appeal to be so because of the confusion engendered by the previous litigation. We wish to emphasize, however, that "[o]nce a matter has been heard, with opportunity for consideration of all relevant issues, there is merit in bringing it to rest." *O'Gara v. Findlay,* 7 Utah 2d 218, 321 P.2d 953, 954 (1958). All of the relevant issues have been thoroughly considered over the course of nearly thirteen years of litigation, including four appeals. Further efforts to resurrect these issues would almost certainly be an abuse of the judicial process.

GREENWOOD, J., concurs.

ORME, Judge (concurring in the result):

In *Call I,* the Supreme Court "remanded for further proceedings consistent with this opinion." *Call v. City of West Jordan,* 606 P.2d 217, 221–22 (Utah 1979). In *Call II,* it "remanded for further proceedings not inconsistent with this opinion." *Call v. City of West Jordan,* 614 P.2d 1257, 1259 (Utah 1980). Thereafter, a trial was held. The City won. In *Call III,* the Supreme Court found error in one of the trial court's legal conclusions and determined that the ordinance pursuant to which the disputed sum had been paid was "void ab initio." *Call v. City of West Jordan,* 727 P.2d 180, 183 (Utah 1986). The Court did *not,* however, remand for "further proceedings." On the contrary, it remanded for the very narrow purpose of "entering judgment consistent with this opinion." *Id.* at 184. This was not an invitation for a whole new round of litigation. Instead, the Supreme Court expected the trial court, with the guidance of

counsel, to enter a judgment in favor of plaintiffs—but only to the extent warranted under the evidence adduced at the trial already held, when considered in light of the Supreme Court opinion.

Despite the convoluted history of this matter and the multiple occasions for appellate involvement to date, plaintiffs are inarguably entitled to appellate review of the final result of the trial court's effort to square the evidence and the Supreme Court's opinion. These become the key questions: Did plaintiffs, at trial, put on evidence which, coupled with the Supreme Court holding that the ordinance was unlawfully adopted, would establish their entitlement to relief under 42 U.S.C. § 1983? Even if not, did plaintiffs, at trial, put on evidence which establishes their right to an award of attorney fees on some other basis? Unfortunately, it is impossible for us to provide considered answers to these questions because trial transcripts were not requested and are not part of the record before us. We have only the file of pleadings, motions, and orders. I join my colleagues in assuming, absent some showing in the record to the contrary, that the trial court correctly decided these issues.

My analysis of the claim that additional parties should have been added on remand is similar. Going into trial, plaintiffs asked for class certification. They apparently did not ask, in the alternative, for relief under rule 19. The Supreme Court affirmed the decision not to certify the class. Accordingly, entry of "judgment consistent with" the opinion in *Call III* meant that the named plaintiffs were entitled to recover the amounts they were due. There was simply no opportunity on remand to revisit the question of the proper parties to the lawsuit and to consider the applicability of rule 19 for the first time.

As to the CPA fees, I agree they are not recoverable as costs. Although I agree the award of the master's fees is a matter for the trial court's discretion, I differ somewhat from my colleagues' treatment of this issue. If the master's fees were incurred only because of the City's unprivileged recalcitrance in discovery, requiring the City

to pay these fees would be an appropriate sanction—indeed, not to so require under those circumstances might be an abuse of discretion—*regardless* of whether plaintiffs ultimately prevailed on the claim in connection with which the discovery was sought. But again, our record is deficient. It contains nothing to suggest the master was appointed in response to a motion to compel discovery nor does it otherwise enlighten us as to the circumstances of the master's appointment. Accordingly, the trial court's treatment of this issue cannot be disturbed.

Finally, I note that I do not regard the *legal* issues raised in this appeal to be frivolous. The difficulty with this appeal is that plaintiffs did not provide us with a record adequate to allow us to meaningfully consider the merit of the issues raised.

I join in the court's judgment of affirmance.