IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100841-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 29, 2012) |
| Lynette Tibbets, | ) | |
| | ) | 2012 UT App 95 |
| Defendant and Appellant. | ) | |

-----

Seventh District, Monticello Department, 091700081
The Honorable Lyle R. Anderson

Attorneys:     Kelly Ann Booth, Salt Lake City, for Appellant
               Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee

-----

Before Judges Orme, Davis, and Christiansen.

CHRISTIANSEN, Judge:

¶1     Defendant Lynette Tibbets appeals her burglary conviction, *see* Utah Code Ann. § 76-6-202(1)-(2) (2008), alleging that the trial court abused its discretion in admitting certain evidence, *see* Utah R. Evid. 404(b); plainly erred in commenting about forthcoming evidence when responding to the jury's question, *see* Utah R. Crim. P. 17(i), 19(f); and erred by denying Defendant's request for a lineup. We affirm.

I.  Rule 404(b) Evidence

¶2     Defendant argues that the trial court improperly allowed the jury to hear evidence that certain pain medication located in the victim's nightstand drawer

disappeared before the incident with which Defendant was charged because that "bad acts" evidence did not meet the requirements of rule 404(b) of the Utah Rules of Evidence. "[W]e review a trial court's decision to admit evidence under rule 404(b) . . . under an abuse of discretion standard. We review the record to determine whether the admission of other bad acts evidence was 'scrupulously examined' by the trial judge 'in the proper exercise of that discretion.'"[1] *State v. Nelson-Waggoner*, 2000 UT 59, ¶ 16, 6 P.3d 1120 (footnotes omitted).

¶3 Rule 404(b) provides, in relevant part,

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Utah R. Evid. 404(b). "In determining whether bad acts evidence is admissible, the trial court must first determine whether the bad acts evidence is being offered for a proper, noncharacter purpose, such as one of those specifically listed in rule 404(b)." *Nelson-Waggoner*, 2000 UT 59, ¶ 18. "If the court resolves that the evidence is being offered for such a purpose," "the court must [then] determine whether the bad acts evidence meets

---

1. Defendant has not claimed on appeal that the trial court failed to conduct a scrupulous examination, and in fact, Defendant would be unlikely to establish such a claim because she did not provide that part of the record in which the court made such an inquiry. *See State v. Pritchett*, 2003 UT 24, ¶ 13, 69 P.3d 1278 ("[W]hen an appellant fails to provide an adequate record on appeal, we presume the regularity of the proceedings below. As th[e Utah Supreme C]ourt has previously stated, 'When crucial matters are not included in the record, the missing portions are presumed to support the action of the trial court.'" (quoting *State v. Linden*, 761 P.2d 1386, 1388 (Utah 1988)). We do not review the issue of whether the court scrupulously examined the admissibility of the rule 404(b) evidence because Defendant did not provide us with that portion of the record or claim that the court had not scrupulously examined the rule 404(b) evidence. We will however review the issue of whether the trial court abused its discretion in admitting the rule 404(b) evidence because we can properly assume that the court determined that each requirement of rule 404(b) had been met when it allowed the evidence to be admitted.

the requirements of rule 402, which permits admission of only relevant evidence." *Id.* ¶¶ 18-19. "Finally, the trial court must determine whether the bad acts evidence meets the requirements of rule 403 of the Utah Rules of Evidence." *Id.* ¶ 20.

¶4     Defendant acknowledges that "[t]he State wanted to establish intent, plan, and absence of mistake or accident" by offering evidence to indicate that the victim's pain medication had previously disappeared. By Defendant's own admission, the State sought the admission of the evidence for a proper purpose under rule 404(b), and thus, the trial court did not abuse its discretion in determining that the evidence satisfied the first requirement for admission. *See* Utah R. Evid. 404(b); *Nelson-Waggoner*, 2000 UT 59, ¶¶ 16, 18.

¶5     In addition to being offered for a proper purpose under rule 404(b), the evidence was relevant. *See Nelson-Waggoner*, 2000 UT 59, ¶ 19. Rule 402 of the Utah Rules of Evidence allows admission of "[a]ll relevant evidence." Utah R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* R. 401. Furthermore, "if the evidence has relevancy to explain the circumstances surrounding the instant crime, it is admissible for that purpose; and the fact that it may tend to connect the defendant to another crime will not render it incompetent." *State v. Daniels*, 584 P.2d 880, 882 (Utah 1978) (reviewing a previous, but similar, version of rule 404(b)); *accord State v. Johnson*, 784 P.2d 1135, 1141 (Utah 1989).

¶6     Under the facts of this case, the evidence that pain medicine had recently disappeared from the victim's drawer helped explain the testimony of the victim's son that Defendant entered the home and proceeded directly to the drawer wherein the pain medicine was kept. Not only did the evidence of prior missing medication give context to Defendant's alleged actions, it also explained why the victim's son's suspicions were aroused when he heard the drawer open. *See Daniels*, 584 P.2d at 882. The evidence was also relevant to rebut Defendant's main defense that she did not have enough time to steal the pain medication because she was unfamiliar with the layout of the house. Because the evidence was relevant, the trial court did not abuse its discretion in determining that the evidence satisfied the second requirement of admission for rule 404(b) evidence. *See Nelson-Waggoner*, 2000 UT 59, ¶ 19.

¶7     Finally, to satisfy the admission requirements of rule 404(b), "the bad acts evidence [must] meet[] the requirements of rule 403 of the Utah Rules of Evidence." *See Nelson-Waggoner*, 2000 UT 59, ¶ 20. Rule 403 allows relevant evidence to "be excluded if

its probative value is substantially outweighed by[, inter alia,] the danger of unfair prejudice." Utah R. Evid. 403. To determine whether the bad acts or other crimes evidence meets rule 403's requirements, the trial court must consider several matters, which are referred to as the *Shickles* factors, *see State v. Shickles*, 760 P.2d 291, 295-96 (Utah 1988). Those factors

> "includ[e] the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility."

*State v. Nelson-Waggoner*, 2000 UT 59, ¶ 20, 6 P.3d 1120 (citation omitted). "A 'trial court's decision to admit or exclude evidence under [r]ule 403 . . . [is reviewed for] an abuse of discretion' and will be overturned only if the trial court's 'determination . . . is beyond the limits of reasonability.'" *State v. Burke*, 2011 UT App 168, ¶ 16, 256 P.3d 1102 (alterations and omissions in original) (citation omitted), *cert. denied*, 263 P.3d 390 (Utah 2011). "Under rule 403, the court 'indulge[s] a presumption in favor of admissibility.'" *Id.* ¶ 34 (alteration in original) (quoting *State v. Dunn*, 850 P.2d 1201, 1222 (Utah 1993)).

¶8 Defendant's conclusory statements, without legal support, have failed to convince us that the trial court's decision to admit the evidence of the missing pain medication was "'beyond the limits of reasonability.'" *See id.* ¶ 16 (citation omitted). This is especially true because of the "'presumption in favor of admissibility,'" *see id.* ¶ 34 (citation omitted), and because most of the factors weigh in favor of admitting the evidence, i.e., the prior incident of pain medicine missing from the nightstand drawer was similar to the Defendant's instant charges, the time between the two incidents was less than a week, the evidence was needed to explain parts of the victim's son's testimony, no other evidence was available for this purpose, and Defendant did not establish that this was the type of evidence that would lead the jury to "'overmastering hostility.'" *See Nelson-Waggoner*, 2000 UT 59, ¶ 20 (citation omitted). Because Defendant has failed to convince us that the evidence's "probative value is *substantially* outweighed by the danger of unfair prejudice," *see* Utah R. Evid. 403 (emphasis added), we determine that the trial court did not abuse its discretion in determining that the evidence should be admitted because it met the requirements of rule 403.

¶9     Throughout Defendant's analysis of rule 404(b), she claims, without legal support, that rule 404(b) evidence must be "direct evidence" and cannot be an unsubstantiated allegation. While this raises the interesting issue of what quantum of proof must be presented for evidence to be admitted as rule 404(b) evidence, Defendant has failed to convince us that more was required in this case. *See Smith v. Smith*, 1999 UT App 370, ¶ 9, 995 P.2d 14 ("Appellant bears the burden of demonstrating the validity of her points on appeal."), *cert. denied*, 4 P.3d 1289 (Utah 2000); *see generally Johnson*, 784 P.2d at 1141 (affirming the trial court's decision to admit prior bad acts evidence that the defendant made threatening phone calls in an attempted murder prosecution); *Shickles*, 760 P.2d at 295-96 (affirming the trial court's rule 404(b) decision to allow evidence of the defendant's sexual assaults on the victim for which he had neither been charged nor convicted, in a kidnapping case).

¶10    Therefore, we determine that the trial court did not abuse its discretion in determining that the evidence met the admissibility requirements of rule 404(b), and thus, we affirm Defendant's conviction.[2]

_____
Michele M. Christiansen, Judge

-----

¶11    WE CONCUR:

_____
Gregory K. Orme, Judge

_____
James Z. Davis, Judge

_____

2. Because we determine that Defendant's other arguments are without merit, we do not address them further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[An appellate court] need not analyze and address in writing each and every argument, issue, or claim raised and properly before [the court] on appeal. Rather, it is a maxim of appellate review that the nature and extent of an opinion rendered by an appellate court is largely discretionary with that court.").