2013 UT App 203

## THE UTAH COURT OF APPEALS

HAROLD P. HOFFER,
Petitioner and Appellee,
*v.*
DEBORAH S. HOFFER,
Respondent and Appellant.

Per Curiam Decision
No. 20110703-CA
Filed August 15, 2013

Third District, West Jordan Department
The Honorable Bruce C. Lubeck
No. 104400198

Deborah S. Hoffer, Appellant Pro Se
John Walsh, Attorney for Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1      Deborah S. Hoffer (Wife) appeals from the Decree of Divorce entered on July 15, 2011. This matter is before the court on Harold P. Hoffer's (Husband) Motion to Strike Appellant's Brief and Dismiss Appeal. Husband argues that this court cannot review the issues raised because Wife has not provided an adequate record on appeal. *See* Utah R. App. P. 11 (discussing the record requirements on appeal).

¶2      Wife filed a brief challenging various aspects of the decree of divorce. Specifically, Wife argues that the district court erred in its determinations concerning custody, allocation of certain tax deductions, alimony, the division of equity in the marital home, and allocation of attorney fees incurred by the guardian ad litem. All of the district court's findings of fact and conclusions of law

concerning these issues rely, at least in part, on testimony elicited during the course of trial. Wife has not provided this court with a transcript of the trial.[1]

¶3 "As an appellate court, our 'power of review is strictly limited to the record presented on appeal.' . . . 'Parties claiming error below and seeking appellate review have the duty and responsibility to support their allegations with an adequate record.'" *Gorostieta v. Parkinson*, 2000 UT 99, ¶ 16, 17 P.3d 1110 (citations omitted); *see also State v. Wulffenstein*, 657 P.2d 289, 293 (Utah 1982) (stating that absent an adequate record on appeal an appellant's "assignment of error stands as a unilateral allegation which the reviewing court has no power to determine"); *Call v. City of W. Jordan*, 788 P.2d 1049, 1052 (Utah Ct. App. 1990) (stating that "the appellant has the burden of providing the reviewing court with an adequate record on appeal to prove his allegations"). Accordingly, if an appellant seeks review of rulings, findings, and conclusions made during the course of trial or as a result of a trial, the appellant must include a transcript of the proceeding in the record on appeal. In the absence of the transcript on appeal, this court presumes the regularity of the proceedings below. *See State v. Jones*, 657 P.2d 1263, 1267 (Utah 1982). Because Wife did not provide us with a copy of the trial transcript, we must presume the

---

1. In lieu of requesting a transcript of the proceeding, Wife filed a Statement of Evidence via her own personal attempt to transcribe the testimony at trial. After reviewing the request, the district court ordered Wife to file a Financial Declaration to determine if she was unable to afford an official transcript. *See* Utah R. App. P. 11(g) (stating that a party to an appeal may prepare a statement of evidence if there was no report of the evidence at trial, "or if the transcript is unavailable, or if the appellant is impecunious and unable to afford a transcript"). Wife failed to file such a declaration. Accordingly, because there was no current evidence concerning whether Wife was impecunious, the district court denied her request to use her self-created transcript of the proceeding.

regularity of that proceeding, including that ample evidence was introduced that supports the determinations Wife seeks to challenge. As a result, this court cannot review the claims of error set forth in her brief because all such claims rely, at least in part, on testimony and evidence elicited during the trial.

¶4    Affirmed.

―――――――